# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

TYRONE COBB,

    Plaintiff,

v.

                            CASE NO.

CITRUS FALLS at WESTCHASE
APARTMENTS, LLC,

    Defendant.
_____/

## COMPLAINT and DEMAND FOR JURY TRIAL

Plaintiff Tyrone Cobb ("Cobb" or "Plaintiff"), by and through his undersigned attorneys, hereby files his Complaint against Defendant Citrus Falls at Westchase Apartments, LLC ("Citrus Falls" or "Defendant"), and in support hereof, states as follows:

1. This is an action for injunctive relief, monetary damages, punitive damages and declaratory relief brought by Plaintiff, who, during all times mentioned herein, was and is a tenant at an apartment Unit owned and operated by Defendant located at 12106 Citrus Falls Cir., Bldg, 12, Apt. 103, Tampa, Florida 33625 (the "Apartment").

2. Plaintiff alleges claims pursuant to Defendant's violations of the Fair Housing Act, Title VIII of the Civil Rights Act of 1968 (the "FHA"), as amended, 42 U.S.C. §§ 3601 *et seq*. (hereinafter, the "Act").

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to the Fair Housing Act, 42 U.S.C. § 3613 and 28 U.S.C. §§ 1331 and 1343.

4. Venue is in the District of the Middle District of Florida, Tampa Division pursuant to

28 U.S.C. § 1391(b)(2) in that a substantial part of the events in suit or omissions giving rise to the claim occurred, and a substantial part of the property that is the subject of the action is situated.

## PARTIES

5. During all times mentioned herein, Plaintiff was and remains an individual residing in at the Apartment pursuant to a lease with Defendant ("Lease").

6. During all times mentioned herein, Plaintiff suffers from a disability which substantially limits one or more of his major life activities. In particular, he has end stage renal failure, congestive heart failure, significantly diminished lung capacity, and herniated discs. As a result of these conditions, he has to rely on a wheelchair to move about.

7. During all times mentioned herein, Defendant is a foreign Limited Liability Company with a registered agent and address at Cogency Global, Inc., 115 North Calhoun Street, Suite 4, Tallahassee, Florida 32301.

## Supporting Facts

8. As more fully set forth herein, during all times mentioned in this Complaint, Plaintiff was an "aggrieved person" within the meaning of the FHA in that he sustained actual injury by virtue of and as a proximate result of the unlawful conduct and discriminatory actions of Defendant. Those damages include, but are not limited to denial of Plaintiff's right to full enjoyment of the Lease of the Apartment, as well as the humiliation, embarrassment and emotional pain inflicted by virtue of Defendant's callous and indifferent violations of his statutorily protected rights.

9. Plaintiff has repeatedly complained to Defendant's representatives about problems both inside and outside of his Apartment that inhibit his use of the Apartment and the common areas around it. Plaintiff, who has to use a wheelchair for mobility, made plain to those

representatives that his access to his Apartment and the common area was inhibited due to illegal barriers.  Those complaints included, a route leading to the office that is not at proper grade; no van accessible parking spaces or van accessible signs; Defendant's maintenance workers, staff and other residents parking in the accessible aisle which blocks access to the mail room and fitness center on a continuous basis; no handicap accessible spaces in the mail room; access problems with the outside door to Plaintiff's Apartment; access problems at the entrance to the fitness center; access problems with the doors and locks at common area rest rooms; access problems to the pool area, including the gate entry not the pool, and the latch on the gate into the pool; and access problems inside Plaintiff's Apartment, including doors and locks; failure to have an accessible sink, no grab bars on the toilet, toilet seat too low, lack of accessibility to the tub, a shower nozzle that is too high, and access problems in the route leading to Plaintiff's Apartment.  Plaintiff's complaints were either simply ignored, prompted threats from Defendant's staff, or a response advising Plaintiff to contact the appropriate governmental agency to take care of issues himself.

    10. FHA violations include, but are not limited to, a 20-foot section of accessible Route to the office that has a running slope of 9.0%, which exceed the slope criteria permitted by law of 5%; no van accessible spaces or van accessible signs; Defendant's maintenance workers, staff, and other residents park in the accessible aisle and block the access to the mail room and fitness center on a continuous basis; no handicap accessible spaces located in the mail room; the outside entrance door to the Apartment has a threshold that exceeds the slope and height criteria for entrances; the entrance into the fitness center does not have the clear zone depth of 48 inches at the door; all the doors and locks in common area restrooms are the standard knob style that require a twisting action to operate which is not permitted by code; all the doors and locks inside the Apartment were the standard knob style that require a twisting action to operate which is not

allowed by code; the doors inside the Apartment do not have the required 12" clear on the push side or 18" clear on the pull side of the doors; the sink is not accessible as required by code; the toilet does not have grab bars to assist in the transfer to the seat; the shower nozzle is mounted too high and does not meet the criteria in the code; there is not enough room to meet the criteria for clear zones in front of the sink or toilet as required in the code; there are numerous gaps in the accessible route leading to Plaintiff's residence that exceed the gap criteria listed in the code; the gate providing entry into the swimming pool is a large iron gate that is extremely heavy and does not allow entry into the area with the 22 pounds of force required to open it; and the latch on the gate leading into the swimming pool area is located 63 inches above the ground which exceeds the height criteria in the code.

## FIRST CAUSE OF ACTION
(Failure to Reasonably Accommodate)

11. Plaintiff repeats and realleges the allegations in paragraphs "1" through "10".

12. This is a claim by Plaintiff against Defendant for its refusal to make a reasonable accommodation in its rules, policies, practices, or services, when such accommodations are required by 42 U.S.C. § 3604(f)(3)(B).

13. Plaintiff Cobb suffers from a disability which substantially limits one or more of his major life activities. In particular, he has end stage renal failure, congestive heart failure, significantly diminished lung capacity, and herniated discs. As a result of these conditions, he has to rely on a wheelchair to move about, and needs a route leading to the office that has a proper grade; van accessible parking spaces or van accessible signs; access to the mail room and fitness center which is presently being blocked on a continuous basis by Defendant's maintenance workers, staff, and other residents; handicap accessible spaces in the mail room; proper access through the outside door to Plaintiff's Apartment; proper access at the entrance to the fitness

center; proper access to the common area rest rooms presently inhibited by door and lock problems; proper access problems to the pool area, including a proper latch, through the gate entry to the pool; and access problems inside Plaintiff's Apartment, to, and including non-compliant doors and locks; non-compliant sink, no grab bars on the toilet, non-compliant toilet seat, non-compliant tub, non-compliant shower nozzle, and non-compliant access in the route leading to Plaintiff's Apartment.

14. Plaintiff requested reasonable accommodations from Defendant concerning the conditions identified above, including an FHA compliant route leading to the office that was not at proper grade; van accessible parking spaces and van accessible signs; that Defendant advise its maintenance workers, staff and other residents not to park or otherwise block the accessible aisle leading to the mail room and fitness center; handicap accessible spaces in the mail room; compliant access through the outside door to Plaintiff's Apartment; compliant access at the entrance to the fitness center; compliant access presently inhibited by the non-compliant doors and locks at common areas rest rooms; compliant access to the pool area, including the gate entry to the pool; and FHA compliant items inside the Apartment, including doors and locks; the sink; grab bars on the toilet; a toilet seat at the proper height; an accessible tub; a shower nozzle at the proper height; and an FHA compliant route leading to Plaintiff's Apartment.  Plaintiff's complaints were either simply ignored, prompted threats from Defendant's staff, or a response advising Plaintiff to contact the appropriate governmental agency to take care of issues himself.

15. As a result of Defendant's failure and refusal to respond to Plaintiff's repeated requests for reasonable accommodations, Plaintiff has sustained damages, including embarrassment, humiliation and emotional distress for which he is entitled to be made whole from Defendant.

WHEREFORE, Plaintiff respectfully requests this Court

(a) Declare Defendant's actions complained of herein to be violation of the Fair Housing Act of 1968, as amended, 42 U.S.C. § 3604(f)(3)(B);

(b) Order Defendant to take appropriate affirmative action to insure that the activities complained of are not engaged in again by Defendant or any of their agents;

(c) Permanently enjoin Defendant, its agents, employees and successors from discriminating against any person in violation of the Fair Housing Act of 1968, as amended;

(d) Award Plaintiff appropriate punitive and compensatory damages against Defendant;

(e) Award Plaintiff attorney's fees and costs pursuant to 42 U.S.C. §3613(c)(2); and

(f) Provide Plaintiff such other and further relief as this Court may deem just, proper and equitable.

## SECOND CAUSE OF ACTION
(Failure to Remedy Defective Construction)

16. Plaintiff repeats and realleges the allegations in paragraphs "1" through "10".

17. This is a claim by Plaintiff against Defendant for its failure to remedy deficiently constructed components of the Leased premises in violation of 42 U.S.C. § 3604(f)(1) and (2) in that Defendant discriminated against Plaintiffs in the terms and conditions or privileges of their rental from Defendant because of Plaintiff Cobb's handicap and failed to remedy those defects in the despite Plaintiff Cobb's multiple requests to do so.

18. Those defects include a 20-foot section of accessible route to the office that has a running slope of 9.0%, which exceeds the slope criteria in the ADA cope of 5%; no van accessible spaces or van accessible signs; Defendant's maintenance workers, staff, and other residents parking in the accessible aisle, blocking the access to the mail room and fitness center on a continuous basis; no handicap accessible spaces located in the mail room; the outside entrance door to the Apartment has a threshold that exceeds the slope and height criteria for entrances; the

entrance into the fitness center does not have the clear zone depth of 48 inches at the door; all the doors and locks in common area restrooms are the standard knob style that require a twisting action to operate which is not permitted by the ADA code; all the doors and locks inside the Apartment were the standard knob style that require a twisting action to operate which is not allowed by the ADA code; the doors inside the Apartment do not have 12" clear on the push side or 18" clear on the pull side of the doors; the sink is not accessible as required by the ADA code; the toilet does not have grab bars to assist in the transfer to the seat; the shower nozzle is mounted too high and does not meet the criteria in the ADA code; there is not enough room to meet the criteria for clear zones in front of the sink or toilet as required in the ADA code; there are numerous gaps in the accessible route leading to Plaintiff's residence that exceed the gap criteria listed in the ADA code; the gate providing entry into the swimming pool is a large iron gate that is extremely heavy and does not allow entry into the area with the 22 pounds of force required to open it; and the latch on the gate leading into the swimming pool area is located 63 inches above the ground which exceeds the height criteria in the ADA code.

19. Defendant's failure and refusal to respond to Plaintiff's repeated requests for repair of the deficiently constructed components constitutes discrimination against Plaintiff as a result of which they have sustained damages, including embarrassment, humiliation and emotional distress for which they are entitled to be made whole from Defendant.

WHEREFORE, Plaintiff respectfully request this Court

(a) Declare Defendant's actions complained of herein to be violation of the Fair Housing Act of 1968, as amended, 42 U.S.C. § 3604(f)(1) and (2);

(b) Order Defendant to take appropriate affirmative action to insure that the activities complained of are not engaged in again by Defendant or any of their agents;

(c) Permanently enjoin Defendant, their agents, employees and successors from discriminating against any person in violation of the Fair Housing Act of 1968, as amended;

(d) Award Plaintiff appropriate punitive and compensatory damages against Defendant;

(e) Award Plaintiff attorney's fees and costs pursuant to 42 U.S.C. §3613(c)(2); and

(f) Provide Plaintiff such other and further relief as this Court may deem just, proper and equitable.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all issues pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

SAADY & SAXE, P.A.

/s/ *Daniel L. Saxe*

Daniel L. Saxe, Esq.
FBN 102962
First Central Tower
360 Central Avenue, Ste. 1160
St. Petersburg, FL  33701
Email:  dan@saadyandsaxe.com
          assistant@saadyandsaxe.com
          *Attorneys for Plaintiff*