# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

TYRONE COBB,

    Plaintiff,

v.                                          CASE NO. 8:20-cv-2239-T-02JSS

CITRUS FALLS at WESTCHASE
APARTMENTS, LLC,

    Defendant.
_____/

## ORDER

Before the Court is Defendant's Motion to Dismiss Complaint with Prejudice (Dkt. 10) and Plaintiff's response (Dkt. 14). After careful review of the allegations of the complaint (Dkt. 1), the submissions of the parties, and the applicable law, the Court grants the motion with leave to amend the complaint.

## Allegations

Plaintiff's two-count complaint seeks damages and injunctive relief pursuant to the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended, 42 U.S.C. § 3601 *et seq.* Plaintiff resides in an apartment he leases from Defendant in Tampa. Dkt. 1, ¶ 5. He suffers from a disability which substantially limits one or more of his major life activities. Dkt. 1, ¶ 6. He has "end stage renal failure,

congestive heart failure, significantly diminished lung capacity, and herniated discs" and uses a wheelchair. Dkt. 1, ¶ 6.

In the first count, Plaintiff alleges Defendant refused to make a reasonable accommodation "in its rules, policies, practices, or services" with respect to violations in both the common areas and his individual apartment. The list ranges from improper walkway or ramp grades for access to the office, swimming pool, gym, and his apartment, to obstructed paths, the lack of inaccessible handicap spaces, and noncompliant doorknobs and latches. Dkt. 1, ¶¶ 9–10, 13. He claims his apartment has a noncompliant sink, tub, shower, and toilet as well as doorknobs and locks. Dkt. 1, ¶¶ 9, 10, 13, 14. He cites 42 U.S.C. § 3604(f)(3)(B) and seeks both punitive and compensatory damages, as well as an injunction to stop Defendant and its agents from essentially blocking his path and discriminating against him. This count also seems to allege that Plaintiff expects Defendant to make the noncompliant items compliant, presumably at Defendant's expense.

The second count alleges Defendant's failure to remedy defective construction, focusing on the entrance grades, doors, and locks both in the common areas and his apartment. Dkt. 1, ¶¶ 9, 10, 18. He cites 42 U.S.C. § 3604(f)(1) and (2) and requests relief similar to the first count.

## Discussion

Applying the *Twombly/Iqbal*[1] standard, the Court permits Plaintiff to replead with allegations more closely tracking the provisions of the statute. Defendant's contention that § 3604(f)(3)(B) does not provide for Defendant to undertake significant structural improvements to the physical condition of its property is well-taken. Neither the construction nor improvements Plaintiff seemingly desires are reasonable accommodations under the statute as neither is an accommodation in a rule, policy, practice, or service of Defendant, and therefore "a request for construction or repair is not actionable under subsection (B)." *See Weiss v. 2100 Condo. Ass'n, Inc.*, 941 F. Supp. 2d 1337, 1344 (S.D. Fla. 2013) (internal citation omitted).

The second count as drafted seeks relief under §§ 3604(f)(1) and (2) for a failure to remedy defective construction. These sections generally do not provide such relief and do not constitute an independent act of prohibited discrimination. *Harding v. Orlando Apartments, LLC*, 748 F.3d 1128, 1131 (11th Cir. 2014).[2] If this action is an alleged failure to remedy a defective condition, it would typically

---

[1] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).
[2] While Plaintiff argues his case as alleged is permissible under *Dulworth v. 400 La Peninsula Condo. Ass'n, Inc.*, No. 2:11-cv-584-T-UA-DNF, 2012 WL 11794802 (M.D. Fla. July 23, 2012), this Court is bound by *Harding*, which affirmed summary judgment in favor of the subsequent purchaser. *See* docket 78 in No. 6:11-cv-85-Orl-19DAB (summary judgment order). On this motion to dismiss, the Court will not engage in distinguishing the cases cited by both parties on the facts as now alleged in this complaint.

be brought under § 3604(f)(3), which limits actions to those brought against the property owner who was involved in the initial design and construction of the apartments. *Id*. Defendant must be put on notice of exactly what claims Plaintiff is making, and if Plaintiff contends he has an action under subsections (f)(1) and (2), he must unambiguously so allege.

Plaintiff does not allege he was discriminated against in the rental of the apartment, and it is unclear exactly what Plaintiff seeks. If Plaintiff is not alleging significant structural improvement to the property, he must allege facts and precise explanation of what redress he is seeking with respect to which deficiency and request, and he must cite the appropriate statute or law giving rise to the particular redress he claims.

Defendant's motion to dismiss (Dkt. 10) is granted and the complaint (Dkt. 1) is dismissed without prejudice. Plaintiff shall file an amended complaint, if any, consistent with this order within fourteen (14) days.

**DONE AND ORDERED** at Tampa, Florida, on October 29, 2020.

_____
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of record